**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**DAVENPORT DIVISION**

MICHIGAN MILLERS MUTUAL )
INSURANCE COMPANY, )
               Plaintiff, )
 )
vs. )
 )     Case NO. 3:11-cv-00006
ASOYIA, INC., f/k/a ASOYIA, LLC, )
VIVAN JENNINGS, and UNITED FIRE & )   **PRELIMINARY**
CASUALTY COMPANY, as Subrogee of )   **JURY INSTRUCTIONS**
Sunnyside Country Club, )
              Defendants. )

## TABLE OF CONTENTS

1.     Admonition
2.     Bench Conferences
3.     Stipulated Testimony
4.     Stipulated Facts
5.     Judicial Notice
6.     Duty of Jurors
7.     Statement of the Case
8.     Order of Trial
9.     Depositions, Interrogatories, Admissions, Court's Questions
10.    Credibility
11.    Burden of Proof (Late Notice – Prejudice)
12.    Evidence
13.    Opinion Evidence – Expert Witness
14.    Damages
15.    Note Taking
16.    Juror Questions for Witnesses
17.    Jurors' Impartiality

### ADMONITION – Instruction No. 1

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection.  There are certain instructions you should have in order to understand what will be presented before you, and how you should conduct yourselves during the trial.  Later I will give you additional instructions.  All instructions—both those I give you now, and any I give you later—are equally binding on you and must be followed.  Do not single out some instructions and ignore others, because all the instructions are important.   In considering these instructions, you will attach no importance or significance whatsoever to the order in which they are given.

By your verdict you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.

To decide the facts of this case, you should give careful attention to the testimony and evidence presented.  I will instruct you concerning the manner in which you should determine the credibility, or "believability," of each witness and the weight to be given to testimony.  During the trial you should keep an open mind, and should not form or express any opinion about the case one way or the other, until you have heard all the testimony and evidence, the closing arguments of the lawyers, and my additional instructions to you.

You must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.  You should avoid reading newspaper articles that might be published about the case, and should also avoid seeing or hearing any television or radio comments about the trial.  Do not do any research or make any investigation about the case on your own, including research on the internet.  Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

The attorneys have a duty to object when they believe evidence is not admissible.  You should not show prejudice against an attorney or client because the attorney has made objections. You should not think that due to any ruling or other comment I may make, or question I ask of anyone, that I have any opinions on the merits of the case favoring one side or the other.  If I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

**BENCH CONFERENCES– Instruction No. 2**

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling recess.   Please understand that while you are waiting, we are working.   The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error.   We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**STIPULATED TESTIMONY – Instruction No. 3**

The plaintiff and the defendant[s] have stipulated—that is, they have agreed—that if

_____ were called as a witness [(he) (she)] would testify in the way counsel have just

stated.  You should accept that as being _____'s testimony, just as if it had been given

here in court from the witness stand.

[Subject to final pretrial order]

**STIPULATED FACTS – Instruction No. 4**

The plaintiff and the defendant[s] have stipulated—that is, they have agreed—that certain facts are as counsel have just stated.   You should, therefore, treat those facts as having been proved.

[Subject to final pretrial order]

**JUDICIAL NOTICE – Instruction No. 5**

I have decided to accept as proved the following fact[s]: _____.

You must accept [(this) (these)] fact[s] as proved.

[Subject to further revision]

**DUTY OF JURORS – Instruction No. 6**

Your duty as jurors is to listen to the evidence, decide the facts, and then apply the facts to the law as stated in my instructions.   You alone are the judges of the facts, but you must follow the law as I give it to you, even if you disagree with the law or do not like it.

Do not allow bias, sympathy, or prejudice to influence you in the performance of your duty as jurors.   You are to reach a just verdict, unaffected by anything except for the evidence, your common sense, and the instructions.

The fact that any party is a company or corporation should not affect your decision.   All parties including individuals, regardless of their status in society, and companies or corporations, whether large or small—stand equal before the law, and are entitled to the same fair consideration and treatment by you.

### STATEMENT OF THE CASE – Instruction No. 7

Members of the Jury:  This case involves an insurance coverage dispute arising from a fire that occurred on June 18, 2007, at the Sunnyside Country Club in Waterloo, Iowa.  United Fire & Casualty Company provided property insurance to Sunnyside Country Club, and it made insurance payments to Sunnyside Country Club for fire related losses.  By making those payments, United Fire obtained a right of subrogation.  The right of subrogation allows an insurance company to step into the shoes of its insured and seek recovery of its payments from third parties it believes are legally responsible for the loss.

On May 19, 2009, United Fire filed a subrogation lawsuit against Asoyia, Inc. ("Asoyia"), in the Iowa District Court for Black Hawk County.  United Fire contends the fire started due to the spontaneous combustion of recently laundered kitchen rags that had  soiled with Asoyia's soybean oil used in a fryer.  United Fire also contends that Asoyia bears legal liability for the fire because it allegedly failed to warn customers such as Sunnyside Country Club of the hazard of spontaneous combustion.

At the time of the fire, Asoyia maintained liability and umbrella insurance coverage with Michigan Millers.  United Fire sent a letter to Asoyia dated June 28, 2007, informing Asoyia that it may be responsible for the fire and that further investigation of the fire scene would take place on July 10, 2007.  Asoyia did not notify Michigan Millers of this letter, and no one from Asoyia or Michigan Millers participated in the investigation that took place on July 10, 2007.  Asoyia did, however, notify Michigan Millers on May 29, 2009 after it had been served with notice of the subrogation lawsuit.  By letter dated June 1, 2009, Michigan Millers advised Asoyia that it would provide and pay for the defense of Asoyia in the Underlying Action, subject to a reservation of its rights to withdraw from the defense and deny indemnity for any liability attributed to Asoyia based upon Asoyia's failure to timely notify Michigan Millers of the fire.  The Court has ruled that Asoyia's notice was late as a matter of law, but it has not determined whether that late notice prejudiced Michigan Millers.  That will be your job here.

On January 1, 2011, Michigan Millers filed this declaratory judgment lawsuit naming Asoyia and United Fire as defendants and interested parties.  Michigan Millers seeks a declaration that its liability and umbrella policies do not provide coverage for the subrogation lawsuit filed by United Fire against Asoyia regarding the fire at Sunnyside Country club.  Michigan Millers contends that Asoyia's failure to notify Michigan Millers of the subrogation notice from United Fire breached a prompt notice provision contained in the liability and umbrella insurance policies, and that the policies therefore do not provide coverage to Asoyia for the subrogation lawsuit.  United Fire contends that Asoyia's late notice did not prejudice Michigan Millers, so that the polices do provide coverage to Asoyia for United Fire's subrogation lawsuit.

Asoyia went out of business in December 2009, and this Court entered a default judgment against it in this action for failing to answer Michigan Miller's complaint.  This court also ruled that United Fire has standing as an injured party to litigate in favor of insurance coverage for Asoyia.  You should not draw any inferences or conclusions from the entry of default judgment against Asoyia.

Vivan Jennings served as Asoyia's Chief Executive Officer ("CEO") from approximately mid-2005 to August 2006. United Fire's subrogation lawsuit contains a claim against Jennings. In its subrogation lawsuit, United Fire alleges that Jennings' duties as Asoyia's CEO included determining the content of Asoyia's warnings, and that Jennings failed to exercise reasonable care in discharging those duties. This Court ruled as a matter of law that Jennings qualifies as an "insured" under the Michigan Millers insurance policies issued to Asoyia and that the consequences of Asoyia's failure to inform Michigan Millers of the subrogation notice determine coverage for Jennings as well. You should not draw any inferences or conclusions from Jenning's decision not to attend the trial of this matter.

Do not consider this summary as proof of any claim. Decide the facts from the evidence and apply the law which I will now give you.

**Authority:**

Iowa Civil Jury Instruction 100.1
Black's Law Dictionary 1427 (6th ed 1990) (definition of subrogation)
Judge Bremer's 11/06/13 Order on Summary Judgment at pp. 11-12
*Allied Mut. Ins. Co. v. Heiken*, 675 N.W.2d 820, 824-25 (Iowa 2004) (discussing subrogation)

## ORDER OF TRIAL – Instruction No. 8

The trial will proceed in the following order:

After I finish reading the initial instructions, the lawyers will make opening statements. An opening statement is not evidence, but is simply a summary of what the lawyers expect the evidence to be. Plaintiff will then present evidence, and counsel for the defendants may cross-examine witnesses. Following the plaintiff's case, the defendants may present evidence, and the plaintiff's counsel may cross-examine witnesses. Following the defendants' case, the plaintiff may present additional evidence.

After the parties have presented their cases and the evidence is concluded, I will further instruct you on the law that you are to apply in reaching your verdict.

Next, the lawyers will make closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence.

You will then retire to deliberate on your verdict. Your verdict must be based solely on the evidence and on the law that I give you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. Until I accept your verdict, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the internet, any internet service, or any text or instant messaging service, or any internet chat room, blog or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

## DEPOSITIONS, INTERROGATORIES, ADMISSIONS, COURT'S QUESTIONS –
### Instruction No. 9

Certain testimony may be entered into evidence from depositions. A deposition is testimony taken under oath before the trial and preserved in writing. Consider that testimony as if it had been given in court.

During this trial, you may hear the word "interrogatory." An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. Consider interrogatories and the answers to them as if the questions had been asked and answered here in court.

You also may hear the term, "Request for Admission." A Request for Admission is just as it sounds: One party may ask the other to admit certain facts, and the other party must either admit or deny the fact. Consider interrogatories and Requests for Admission, and the answers to either of these, as if the questions had been asked and answered here in court.

During the course of the trial, I occasionally may ask questions of a witness or counsel. Do not assume that I hold any opinion on the matters to which my questions may relate. Neither in these instructions nor in any ruling, action, or remark that I make during this trial do I intend to give any opinion or suggestion as to what the facts are or what your verdict should be.

## CREDIBILITY – Instruction No. 10

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the age and manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness and probability or improbability of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.   You should consider whether a contradiction is an innocent mis-recollection or lapse of memory, or an intentional falsehood. This may depend on whether the contradiction has to do with an important fact or only a small detail.

If you believe from the evidence that a witness previously made a statement that is inconsistent with the witness's testimony at this trial, the only purpose for which you may consider the previous statement is for its bearing on the witness's credibility.  It is not evidence that what the witness previously said was true.  However, if you believe from the evidence that a witness who is a party made a previous statement that is inconsistent with the party's testimony at this trial, you may consider the previous statement both for its bearing on the party's credibility and as evidence that what the party previously said was true.

**BURDEN OF PROOF (LATE NOTICE–PREJUDICE) – Instruction No. 11**

Unless otherwise instructed, your verdict depends on whether you find that certain facts have been proved by a preponderance of the evidence.   To prove something by the preponderance of the evidence is to prove that it is more likely true than not true.   It is determined by considering all the evidence, and deciding which evidence is more believable.   If, on any issue in the case, the evidence is equally balanced, you cannot find that the issue has been proved.

The preponderance of the evidence is not determined by the greater number of witnesses or exhibits a party has presented.

You may have heard the term, "proof beyond a reasonable doubt."   That is a stricter standard, which applies only in criminal cases.   It does not apply in civil cases such as this.

An insured's substantial breach of a condition precedent, which is not excused or waived, must be presumed prejudicial to the insurer.   In this case, the Court already has ruled that Asoyia's notice of the fire under the Michigan Millers insurance policies was late as a matter of law.   Thus, it is presumed that Asoyia's late notice prejudiced Michigan Millers.   United Fire has the burden of proof to rebut that presumption of prejudice, or to show a lack of prejudice to Michigan Millers.   Although the presumption is rebuttable, unless overcome by a satisfactory showing of lack of prejudice by the claimant, it will defeat his recovery.   In the event you conclude that United Fire has rebutted the presumption of prejudice, then Michigan Millers has the burden to establish that Asoyia's late notice prejudiced it.

14

## EVIDENCE – Instruction No. 12

You shall base your verdict only on the evidence and these and other instructions that I give you during the trial.  Evidence is:

1.      Testimony in person or testimony previously given, which includes depositions.

2.      Exhibits received by the Court.

3.      Stipulations, which are agreements between the parties.  If the parties stipulate to a fact, you should treat that fact as having been proved.

4.      Any other matter admitted into evidence.

Evidence may be direct or circumstantial.  You should not be concerned with these terms since the law makes no distinction between the weight to be given to direct and circumstantial evidence.  The weight to be given any evidence is for you do decide.

The following are not evidence:

1.      Statements, arguments, and comments by the lawyers.

2.      Objections and rulings on objections.

3.      Testimony I tell you to disregard.

4.      Anything you see or hear about this case outside the courtroom.

5.      Pretrial statements, reports, depositions, or other miscellaneous materials referred to during the trial but not admitted into evidence.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose.  If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.

**OPINION EVIDENCE—EXPERT WITNESS – Instruction No. 13**

You may hear testimony from witnesses described as experts.  "Experts" are persons who may be knowledgeable in a field because of their education, experience, or both.  They are permitted to give their opinions on matters in that field and the reasons for their opinions.

You may accept or reject expert testimony just like any other testimony.  After considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case, you may give an expert witness's testimony whatever weight, if any, you think it deserves.

An expert witness may be asked to assume certain facts are true, and to give an opinion based on that assumption.  This is called a hypothetical question.  When deciding the weight, if any, to give to an expert witness's testimony, if a fact assumed in a hypothetical question has not been proved by the evidence, you should consider the extent to which the falsely assumed fact affects the value of the opinion.

**DAMAGES – Instruction No. 14**

The amount of the loss is not in dispute.  You will only determine the rights of the parties with respect to the insurance policies issued by plaintiff; you will not be asked to determine the amount of any damage award.

**NOTE TAKING – Instruction No. 15**

During this trial, I will permit you to take notes, so a word of caution is in order.  There is a tendency to attach undue importance to matters that one has written down.  Some testimony that is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial, in light of all the evidence presented.  Your notes are only a tool to aid your own individual memory.  You should not compare your notes with the notes of other jurors in determining the content of any testimony, or in evaluating the importance of any evidence.  Your notes are not evidence, and will not be a complete outline of the proceedings.  Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

At the end of the trial you must make your decision based on what you recall of the evidence.  You will not have a written transcript to consult, and the court reporter cannot read back testimony.  You must pay close attention to the testimony as it is given.

### JUROR QUESTIONS FOR WITNESSES – Instruction No. 16

You will have the opportunity to ask questions of the witnesses in writing. When a witness has been examined and cross-examined by counsel, and after I ask any clarifying questions of the witness, I will ask whether any juror has any further clarifying question for the witness.

If so, you will write your question on a piece of paper, and hand it to the Deputy Clerk. Do not discuss your question with any other juror at any point in this trial. I will review your question with counsel, at a sidebar, and determine whether your question is appropriate under the Rules of Evidence. If so, I will ask your question, although I might phrase it in my own words; the attorneys may then ask further questions. If the question is not permitted by the Rules of Evidence, it will not be asked, and you should not draw any conclusions about the fact that your question was not asked. It may be that the question you have will be discussed by a later witness, in which case we will let counsel cover the subject as they had planned.

If I ask your question, you should not give the answer to it any greater weight than you would give to any other testimony.

## JURORS' IMPARTIALITY – Instruction No. 17

You will not be required to remain together while Court is in recess.  It is important that you obey the following instructions with reference to Court recesses:

First, during the course of the trial, do not discuss the case, or anyone involved with it, either among yourselves or with anyone else, in person, by electronic message, or over the internet.  This includes, but is not limited to, a prohibition on making posts to blogs, chat rooms, message boards, Twitter, and Facebook, and any other social media.  In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial.  You should reach your conclusion only during your final deliberations after all evidence is in and you have heard the attorneys' summations, my instructions to you on the law, and an interchange of views with other jury members.

Second, do not permit anyone to discuss the case in your presence.  If anyone does so despite your telling them not to, report that fact to the Court as soon as you are able.  If you feel it necessary to bring a matter to the attention of the Court, ask to speak to the Court Security Officer or the Clerk of Court.  Do not discuss this matter with other jurors.

Third, please do not speak, in or out of the courtroom, with any of the parties, their attorneys, or any witness about the case—or at all—even to pass the time of day.  In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as Jurors.

Fourth, do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions

on the law.  If you decide this case on anything else, you will have done an injustice.  It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

## VERDICT FORM

We, the Jury, find the following verdict on the questions submitted to us:

**Question No. 1**: *Rebuttable Presumption*: Did Defendant United Fire rebut the presumption of actual prejudice to Michigan Millers as the result of Asoyia's notice of the fire, which was late as a matter of law?

_____          _____
        **YES**                               **NO**

[If you answer "no" to Question No. 1, stop, and do not answer Question No. 2.  Sign and return the verdict as instructed.

If you answer "yes" to Question No. 1, continue and answer Question No. 2.]

**Question No. 2**: *Actual Prejudice*: Did Plaintiff Michigan Millers prove that it was actually prejudiced by Asoyia's notice of the fire, which was late as a matter of law?

_____          _____
        **YES**                               **NO**

22

**Question No. 3**: *Actual Prejudice*: Did Asoyia's failure to give the required notice of the fire to Michigan Millers deny Michigan Millers the chance to timely respond to the fire?

_____                    _____
       **YES**                                         **NO**

**Question No. 4**: *Actual Prejudice*: Did Asoyia's failure to give the required notice of the fire to Michigan Millers deny Michigan Millers the opportunity to negotiate regarding the alleged damage caused by the fire?

_____                    _____
       **YES**                                         **NO**

I certify that this is the unanimous verdict of all Jurors.

_____                    _____
DATE                                                     PRESIDING JUROR

Dated: December 2, 2013

Respectfully submitted,

/s/      Mark D. Paulson_____

Amy R. Paulus
Mark D. Paulson
Michael L. Duffy
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, Illinois 60603
Telephone:    (312) 855-1010
Facsimile:    (312) 606-7500
Email:        apaulus@clausen.com
              mpaulson@clausen.com
              mduffy@clausen.com

Benjamin J. Patterson (AT0008866)
LANE & WATERMAN LLP
220 N. Main Street, Suite 600
Davenport, IA 52801
Telephone:    (563) 324-3246
Facsimile:    (563) 324-1616
Email:        bpatterson@l-wlaw.com

ATTORNEYS FOR PLAINTIFF MICHIGAN
MILLERS MUTUAL INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2013, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system which will provide notification of such filing to all counsel of record.

Sean M. O'Brien
Thomas M. Boes
BRADSHAW, FOWLER, PROCTOR & GAIRGRAVE, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-8004
Telephone: (515) 243-4191
Facsimile: (515) 246-5808
obrien.sean@bradshawlaw.com
boes.thomas@bradshawlaw.com

Richard S. Fry
Kerry A. Finley
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 Third Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Facsimile: (319) 365-8443
rsf@shuttleworthlaw.com
kaf@shuttleworthlaw.com

/s/ Mark D. Paulson

Amy R. Paulus
Mark D. Paulson
Michael L. Duffy
CLAUSEN MILLER, P.C.
10 South LaSalle Street
Chicago, Illinois 60603
Telephone:    (312) 855-1010
Facsimile:    (312) 606-7500
Email:        apaulus@clausen.com
              mpaulson@clausen.com
              mduffy@clausen.com

ATTORNEYS FOR PLAINTIFF
MICHIGAN MILLERS MUTUAL
INSURANCE COMPANY